IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

DEAN STONE, )
MICHAEL KRAYCINOVICH, and, )
TRACY JONES, )
　 )
   Plaintiffs, )
　 )
       v. )   No. 07-CV-1198
　 )
JOHN T. PEPMEYER, individually and )
in his official capacity as State's )
Attorney of Knox County, Illinois, )
KNOX COUNTY, Illinois, and )
the STATE OF ILLINOIS, )
　 )
   Defendants. )

## OPINION

Plaintiffs have filed a motion under Fed. R. Civ. P. 60(b)(6), asking the Court to reconsider its May 9, 2008 Order. Plaintiffs contend that the Court ruled in that Order that their state whistle-blower claims against Defendant Pepmeyer in his official capacity were barred by sovereign immunity. Because the Court never made such a ruling, Plaintiffs' motion to reconsider will be denied. If Plaintiffs seek to add whistle-blower claims against Pepmeyer in his official capacity, they must do so as a motion for leave to amend under Rule 15(a)(2).

## Background

Plaintiffs filed this case in July 2007, pursuing federal claims under Title VII and the First Amendment, as well as state claims for wrongful discharge, intentional infliction of emotional distress, and libel/slander. (d/e 1). On December 19, 2007, this Court issued a Report and Recommendation advising that sovereign immunity barred the § 1983 claims and the state law claims against Pepmeyer in his official capacity. (d/e 20, pp. 16-17, 21, 27).

On March 19, 2008, before Judge Mihm ruled on that Recommendation, Plaintiffs filed a motion for leave to file a First Amended Complaint, which proposed to add state whistle-blower claims against Pepmeyer in both his individual and official capacities. (d/e 25). About one week later, Judge Mihm adopted this Court's Recommendation in full, but did not rule on Plaintiff's motion for leave to file a First Amended Complaint. (d/e 26). This Court then granted Plaintiffs' unopposed motion for leave to file a First Amended Complaint. (4/8/10 text order). The next day, Plaintiffs filed a Second Amended Complaint, which again contained the whistle-blower counts against Pepmeyer in his official and individual capacities (d/e 28). Defendants moved to dismiss the official capacity

whistle-blower claims on grounds of sovereign immunity (d/e 33), and the Court responded by striking both the First and Second Amended Complaints. The Court wrote in that May 9, 2008, order that it was:

> disappointed with Plaintiffs in these amended pleadings. While repeating and re-alleging former allegations under the guise of "preserving said counts in the event of an appeal" (d/e 34, para. 2) may be expedient for Plaintiffs' counsel, it is unnecessary as the Plaintiffs' record has been made by the original complaint and orders previously entered herein. The Court notes that while Plaintiffs' Second Amended Complaint has additional language alleging sexual harassment inserted in Counts V through XVI, those counts are riddled with scrivener's errors. Additionally, Counts V through VII [the § 1983 claims] still request relief from John T. Pepmeyer in his official capacity; Counts VIII through X still request relief from John T. Pepmeyer individually; and Counts XI through XIII still request punitive damages. *In addition, Plaintiffs have added new allegations in Counts XVII through XXII [the whistle-blower claims] without leave of Court.*

(d/e 35, p. 4)(emphasis added). The Court directed Plaintiffs to file a Third Amended Complaint and stated, "*If Plaintiffs desire to allege counts not previously raised in their original complaint, leave of Court must be obtained in advance consistent with Rule 15(a)(2).*" Id. at 5 (emphasis added).

Plaintiffs filed a Third Amended Complaint on May 15, 2008, but also filed a motion for leave to file a Fourth Amended Complaint the same day. (d/e's 36, 37). The Fourth Amended Complaint contained whistle-blower

claims against Pepmeyer in his individual capacity only; there were no whistle-blower claims against Pepmeyer in his official capacity. The unopposed motion was allowed on June 3, 2008, and this case has since proceeded on the Fourth Amended Complaint. The deadline for amended pleadings was September 1, 2008. (d/e 47).

On June 17, 2010, Plaintiffs filed a motion for leave to file a Fifth Amended Complaint, seeking to add Pepmeyer in his official capacity on the whistle-blower claims (d/e 76). Pepmeyer objected (d/e 77, 78), and Plaintiffs were ordered to file a reply. (6/24/10 text order). Instead of filing a reply, Plaintiffs filed a motion asking to withdraw their motion to file the Fifth Amended Complaint and instead file a motion for reconsideration of the Court's May 9, 2008 Order pursuant to Fed. R. Civ. P. 60(b)(6). This Court granted the motion to withdraw, taking the request for reconsideration under advisement. (7/22/10 text order).

**Analysis**

Plaintiffs' first instinct—filing a motion for leave to file a Fifth Amended Complaint—was the correct one. Defendants rightly point out that there has never been a ruling on whether official capacity whistle-blower claims are barred by sovereign immunity. None of the whistle-

blower claims were in the original complaint, and thus the whistle-blower claims were not addressed by this Court in its Recommendation, nor by Judge Mihm in his adoption of that Recommendation.

Likewise, nowhere in the May 9, 2008, Order does this Court address the parties' sovereign immunity arguments on the official capacity whistle-blower claims. The whistle-blower claims were mentioned only to point out that those claims had not been in the original Complaint and Plaintiffs had not sought leave to file them. (d/e 35, p. 4). In the May 9, 2008 Order the Court directed Plaintiffs to file a Third Amended Complaint and expressly advised Plaintiffs that they must obtain leave of court to pursue counts not in the original complaint.

Thus, Plaintiff were on notice as of May 9, 2008, that they needed to seek leave of court under Rule 15(a)(2) to pursue the whistle-blower claims. A week later they did so for the *individual* capacity whistle-blower claims, by seeking leave to file their Fourth Amended Complaint. The *official* capacity whistle-blower claims were abandoned and thus do not appear in the Fourth Amended Complaint. (d/e 38, Count XIII, XIV, XV). Plaintiffs did not ask for leave to pursue whistle-blower claims against Pepmeyer in his *official* capacity until about two years later, when they filed

their motion for leave to file a Fifth Amended Complaint in June, 2010. (d/e 76).

Plaintiffs assert that a stipulation and voluntary dismissal filed August 2008 "made clear that Plaintiffs did not refile 'official capacity' State Employee Whistle Blower Protection Act claims in its Fourth Amended Complaint because they were dismissed in the May 9, 2008 Order." (d/e 81, p. 3). However, that stipulation had nothing to do with official capacity whistle-blower claims. That stipulation dealt with whether the state claims for wrongful discharge, intentional infliction of emotional distress, and libel/slander (Fourth Amended Complaint, Counts IV-XII) sought equitable relief from Pepmeyer in his capacity as a State official, rather than in his capacity as a County official. (d/e 41; 44 ¶ 4; 48). The stipulation cannot reasonably be read to apply to official capacity whistle-blower claims, because there were no such claims on file.

In sum, neither this Court nor Judge Mihm has ever ruled on whether official capacity whistle-blower claims are barred by sovereign immunity. The Court's May 8, 2008 order cannot reasonably construed as such a ruling. Plaintiff's motion for reconsideration of the Court's May 9, 2008, order will therefore be denied.

The proper procedure for Plaintiffs to add the official capacity whistle-blower claims is to file a motion for leave under Rule 15(a)(2), as the Court stated in its May 8, 2008 order.  Plaintiffs did this initially in June, 2010, but then withdrew the motion in lieu of the instant motion to reconsider.  (d/e 81; 7/22/10 text order).  Accordingly, no motion for leave to amend is presently before the Court.  While Rule 15(a)(2) arguments could be pieced together from the parties' various briefs, the Court will not resurrect the Rule 15(a)(2) motion and rule on it *sua sponte*.  If Plaintiffs still want to add these claims, it is up to them to renew their Rule 15 motion.  If Plaintiffs do renew their motion, their memorandum should address <u>all</u> the points raised by Pepmeyer in both his objections (d/e's 78, 83).   In light of this ruling, it is unnecessary for the Plaintiffs to file a reply to Pepmeyer's objection, as the Court had originally ordered.  The Court will therefore vacate its July 27, 2010 order directing a reply.  It is also unnecessary to address Plaintiffs' argument regarding punitive damages on the official capacity whistle-blower claims.

IT IS THEREFORE ORDERED THAT:

1) Plaintiffs' motion to reconsider is denied (d/e 81); and

2) The Court vacates its text order July 27, 2010, directing Plaintiffs to file a reply.

ENTER:   August 2, 2010

*s/ Byron G. Cudmore*

_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE