E-FILED
Thursday, 28 April, 2011 04:09:01 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | | |
|---|---|---|
| DEAN STONE,<br>MICHAEL KRAYCINOVICH, and<br>TRACY JONES, | )<br>)<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | ) | No. 07-CV-1198 |
| JOHN T. PEPMEYER et al., | )<br>)<br>) | |
| Defendants. | ) | |

BEFORE U.S. MAGISTRATE JUDGE BYRON CUDMORE:

## ORDER

The remaining parties in this case—Plaintiffs and Defendants John T. Pepmeyer and Knox County—have filed an agreed motion to name the State of Illinois as a necessary party pursuant to Federal Rule of Civil Procedure 19. However, the State does not so agree, and Eleventh Amendment immunity protects it from being compelled to do so. Accordingly, the motion will be denied.

## ANALYSIS

The parties assert that the State has refused to participate in settlement discussions because it is not a party to this lawsuit, which "may

impede the Plaintiffs' ability to obtain complete relief and may leave John Pepmeyer and Knox County at risk of incurring double and/or inconsistent obligations due to the two other proceedings currently pending based on the same set of facts." (d/e 97, p. 1).¹ They argue that the State is a necessary party because under state law "it should indemnify any judgment in this case and/or may be otherwise financially responsible." Id. They contend that settlement attempts have been unsuccessful in part because of the State's refusal to participate. (d/e 97, p. 3).

These difficulties, though, cannot get the parties around the State's Eleventh Amendment immunity. The State has already been dismissed as a party in part because of that immunity. (d/e 26, Judge Mihm's Order adopting this Court's Report and Recommendation, p. 10). And, Plaintiffs have already conceded that the Eleventh Amendment bars their § 1983 claims against the State. (d/e 19, p.10).

The parties assert that Eleventh Amendment immunity does not bar injunctive or prospective relief against the State, which is true as a general statement of law, but they do not explain what injunctive or prospective

---

¹According to the parties, Plaintiffs are pursuing an action in state circuit court against the State for violation of the State Ethics Act and are also pursuing a claim against Pepmeyer and the State's Attorney's Office before the Illinois Human Rights Commission.

relief they seek against the State. Plaintiffs do not seek prospective relief against the State. They want to bring the State's purse to the table to pay a settlement or judgment, which directly implicates the Eleventh Amendment. [2] See Edelman v. Jordan, 415 U.S. 651, 663 (1974)("a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment."); Porco v. Trustees of Indiana University, 453 F.3d 390, 395 (7th Cir. 2006)(suit against state for monetary compensation barred by Eleventh Amendment). The parties hypothesize that the State could be liable for pension benefits, wages and/or attorney's fees if reinstatement is ordered, but that again would be a claim against the State to pay money, not a claim for injunctive or other prospective relief.

That the State may have to indemnify Pepmeyer or otherwise pay Plaintiffs under state law does not diminish its Eleventh Amendment immunity. Stoner v. Wisconsin Dept. of Agriculture, Trade and Consumer Protection, 50 F.3d 481, 483 (7th Cir. 1995)("Case law in this Circuit has rejected the notion . . . that a state which chooses to indemnify its employees for damages threatens its Eleventh Amendment immunity from

---

[2] As the Court noted in its prior Recommendation, Plaintiffs did "not dispute the State's assertion that their request for injunctive relief is conjectural." (d/e 20, p.17).

suit."); Mann v. Vogel, 2010 WL 5395631 * 2 (C.D. Ill., Judge Mihm)(not reported in F.Supp.2d)(dismissing indemnity claim against State as barred by Eleventh Amendment).

The parties cite Carver v. Sheriff of LaSalle County, 324 F.3d 947, 948 (7th Cir. 2003), but the State is correct that Carver does not apply because Carver involved a county's obligation to pay, not a State's obligation. The Eleventh Amendment does not apply to counties. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 124 n. 34 (1984)("We have held that the Eleventh Amendment does not apply to 'counties and similar municipal corporations.'")(quoted cites omitted).

The other cases cited by the parties do not support their argument either. Lapides v. Board of Regents of the University System of Georgia, 535 U.S. 613 (2002), held that a State's voluntary removal of a case to federal court amounted to a waiver of Eleventh Amendment sovereign immunity. The State did not remove this case nor has it otherwise waived its Eleventh Amendment immunity. Kiersch v. Ogena, 230 Ill.App.3d 57, 64 (1992), another case cited by the parties, stands for the proposition that a state lawsuit against a state employee in an individual capacity does not become a Court of Claims suit simply because of the indemnification

statutes.  Kiersch did not involve Eleventh Amendment immunity nor did it involve claims for indemnity.

Ryan v. Consentino, 793 F.Supp. 822 (N.D. Ill. 1992), also cited by the parties, involved a plaintiff suing on behalf of the State, to recover funds fraudulently taken from the State.  The plaintiff in Ryan sought to bring in the State as a nominal party, but the State objected on Eleventh Amendment grounds.  The court held that Eleventh Amendment immunity was not an issue because the plaintiff was standing in the shoes of the State, pursuing the State's rights.  The court reasoned that Eleventh Amendment immunity did not apply because adding the State as a nominal party would not restrain State action or target State funds.  793 F.Supp. at 824.  Here, in contrast, the parties do seek to direct State action and to access State funds, so Eleventh Amendment immunity does apply.

Thus, the Eleventh Amendment bars the State's joinder.  This is so even if the State is a necessary party under Rule 19, which it is not.[3]  The State is correct that "[t]he Parties attempt to equate the indemnification provided by the State with liability in this matter.  These are two separate

---

[3]If the State were a necessary party, there would be only two options since the State cannot be joined: 1) carry on without the State; or, 2) dismiss the action entirely.  Fed. R. Civ. P. 19(b)("When Joinder Not Feasible.").  The parties do not seek dismissal of the entire action.

inquires." (d/e 102, p. 9). The parties can pursue and defend the claims in this action without any determination of the State's indemnity and payment obligations under state law. If Defendants lose or settle, and if the State refuses to pay, Defendants can bring a state action to enforce the State's payment obligations. *See, e.g.,* Braziel v. State, 35 Ill. Ct. Cl. 385 (1981)(plaintiff, as assignee of defendants' indemnity rights, successfully pursued claim against State to pay settlement).

An entity's potential duty to indemnify does not make it a necessary party. The Seventh Circuit recognized this in Askew v. Sheriff of Cook County, 568 F.3d 632, 636-37 (7th Cir. 2009), when it rejected the argument that a county is a necessary party in an individual capacity suit based on a sheriff's statutory duty to indemnify his officers:

> Defendants argue that because, under state law, the County will necessarily be the entity funding any judgment entered against Lopez, this case is directly analogous to the *Carver* cases and thus the County's joinder would be required even if the case were solely against Lopez. This argument has some superficial appeal: if this were a suit imposing liability on the Sheriff for Lopez's actions, then there would be no escape from *Carver II*. But it is not. . . . Any judgment entered would be against Lopez alone, without regard to any collateral sources to which Lopez might turn to fund that judgment.
>
> A closer look at the Sheriff's argument reveals that it is premature. If Askew wins against Lopez, and then if Lopez later tries to collect from the Sheriff in supplemental proceedings, it

> would then be necessary to join the County as a party to those later proceedings. But that day may never come. For the present, the County does not become an "indispensable" party just because it may need to indemnify the Sheriff in the future, any more than an insurance company must be included as a defendant in a suit against its insured. We conclude, therefore, that the County is not a party that must be joined if feasible, within the meaning of Rule 19, in a case brought against Lopez in his individual capacity.

568 F.3d at 637.  The parties appear to contend that part or all of this is dicta, but Askew clearly holds that a county need not be joined under Rule 19 in an individual capacity case, even if the county might eventually be liable for the judgment.  This is the same kind of argument the parties make here.

The parties attempt to distinguish Askew on the grounds that the plaintiff in Askew had waived his claim against the sheriff's office, while Plaintiffs in this case originally named the State as a defendant.  The Court does not see the relevance.  The above paragraph quoted from Askew stands for the proposition that an entity's potential duty to indemnify an individual does not make it a necessary party.  That is the situation here.  The fact that Plaintiffs have tried repeatedly to bring the State in as a defendant does not change that proposition.  The parties also argue that Askew is distinguishable because the State is required to indemnify State

officers sued in an individual capacity. Yet the relevant part of Askew quoted above also involved a state statute that required the Sheriff to indemnify claims against his officers in an individual capacity; the Court sees no distinction.[4] 568 F.3d at 637, *citing* 745 ILCS 10/9-102. In any event, as discussed above, these arguments ignore the State's Eleventh Amendment immunity.

In sum, Eleventh Amendment immunity prohibits the joinder of the State as a necessary party in this action, even if the State's absence makes settlement difficult, and even if the State may at some point be liable to pay a judgment or settlement. Nor is the State a required or necessary party under Rule 19. Accordingly, this case will continue to proceed without the State.

IT IS THEREFORE ORDERED THAT the parties' agreed motion to add the State as a necessary party is denied (d/e 96).

ENTER: April 28, 2011

\_\_\_\_\_*s/ Byron G. Cudmore*_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE

---

[4] 5 ILCS 350/2(d) requires the State to indemnify unless "the court or jury finds that the conduct or inaction . . . was intentional, wilful or wanton . . . and was not intended to serve or benefit interests of the State . . . ." The Court states no opinion on whether the State is required to indemnify Defendant Pepmeyer under this statute.